UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Jane Doe, | § | |
| | § | |
| Plaintiff; | § | |
| | § | |
| v. | § | |
| | § | |
| Matthew David Black, | § | Case No: 5:18-cv-01226-FB-RFB |
| Professional Performance Development Group, | § | |
| Inc., And Donald L. Mooney Enterprises, LLC, | § | |
| D/B/A Nurses Etc Staffing, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Jane Doe, in the above styled and numbered cause, by and through her attorney, hereby file her Second Amended Complaint against Defendants, Matthew David Black, Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing and for cause of action would respectfully would show unto this Honorable Court as follows:

### A.  PARTIES

1.  Plaintiff, Jane Doe, is an individual and is a citizen of the state of Texas

2.  Defendant, Matthew David Black, (hereinafter "Defendant Black") has been served with process and no additional service is necessary.

3.  Defendant, Professional Performance Development Group, Inc., is a corporation under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant's registered agent has been served with process and no additional service is necessary.

4.  Defendant, Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing, is a

Corporation under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant's registered agent has been served with process and no additional service is necessary.

## B.  JURISDICTION

5.   The court has jurisdiction over the lawsuit because the suit arises under 28 U.S.C.§ 1331.

## C.  VENUE & NOTICE

6.   Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in this district.

7.   Plaintiff has complied with the required conditions precedent pursuant to Chapter 74, Texas Civil Practice & Remedies Code, and Plaintiff has given due and timely notice of this claim to Defendants.

## D.  FACTS

8.     On November 2, 2016, Jane Doe was admitted to the psychiatric ward, "Behavioral Health Unit" a.k.a. "6-T" at the San Antonio Medical Center (SAMMC).  Jane Doe was transferred to 6-T from Laurel Ridge Psychiatric Facility in San Antonio, where she had been hospitalized for an attempted suicide, following a sexual assault by a fellow soldier at the Military Base where she had been previously assigned.  Matthew David Black (hereinafter "Defendant Black") was a contract employee with Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing (collectively Defendants), and was working as a certified nursing assistant (CNA) in the Behavioral Unit 6-T.  In his capacity as a CNA, Defendant Black was assigned to care for Jane Doe who was considered a high-risk patient, due to her suicide attempt.  On the morning of November 22, 2016, Jane Doe reported to her social

worker that Defendant Black had been taking her into the storage room on 6-T, pinning her against the wall, and having sex with her on multiple occasions.

9.     Later in the morning of November 22, 2016, Jane Doe was interviewed by personnel from CID.  Jane Doe told CID that one day, not long after she was admitted to the ward, she told Defendant Black she needed a hug.  He gave her a hug, which turned into a kiss, and he grabbed her breasts.  Jane Doe stated that after that, almost every day Defendant Black would take her into the storage room pin her against the wall and force her to engage in sexual acts. Jane Doe told CID that Defendant Black performed oral sex on her and made her perform oral sex on him. In addition, Jane Doe stated that Defendant Black had inserted his penis into her vagina and had taken a picture of that sex act. Jane Doe told CID that Defendant Black took sexually explicit photos of her on his cell phone, with her breasts exposed, and told her to "smile" for the camera. Jane Doe stated that all the sexual encounters incurred in the storage room, except for one in which Defendant Black came into her bathroom while she was changing clothes and fondled her breasts. Jane Doe  provided CID with a photo from her cell phone showing Defendant Black and Jane Doe kissing.

10.     Jane Doe stated that Defendant Black told her that he loved her, and that from the first time he saw her he couldn't wait to be with her.  She said Defendant Black would make her say that she loved him too. Jane Doe stated that Defendant Black warned her that if she ever told anyone about their sexual encounters, he would say it was consensual.    He also said that if she told anyone, he would lose his job and his certifications. Jane Doe stated this made her feel terrible. Jane Doe stated that she came forward on November 22, 2016, because she was about to be released from the hospital and she knew that she would kill herself if they let her go.  She stated she was very depressed and felt dirty and like everything was her fault.  On November 22, 2016, Defendant Black was interviewed by CID. Defendant Black initially denied that there had been

any type of sexual contact between him and Jane Doe. Defendant Black stated further that while he did take Jane Doe into the storage room it was only at her request and to retrieve items from her locker.  The agents asked Defendant Black whether he would consent to a search of the cell phone and he declined.

11.     CID then questioned Defendant Black about the photograph from Jane Doe's phone showing Defendant Black and Jane Doe kissing.  When confronted with the photograph, Defendant Black admitted he had kissed Jane Doe but had failed to mention it.  CID then told Defendant Black that CID was going to obtain a Magistrate Warrant for Defendant Black's phone, in order to examine it for any sexually explicit photos of Jane Doe and Defendant Black. Defendant Black admitted that there were some sexually explicit photos of the two of them, and admitted he had made a mistake.  He told the agents he would also take Jane Doe into the storage room, pull her pants down and rub his penis against her vagina.  He also stated that Jane Doe had performed oral sex on him, he denied ever penetrating Jane Doe's vagina, and stated he did not ejaculate. Defendant Black stated the attacks occurred everyday he was at work since he met Jane Doe.  The agents asked Defendant Black if he would consent to a polygraph and he agreed.

12.     During the pre-instrumentation phase with the polygraph, Defendant Black told polygrapher that Defendant Black had sex with Jane Doe three times beginning in the middle of November and the last a couple of days prior to Jane Doe's Report to CID. Defendant Black stated that each encounter lasted 3-4 minutes and that he never ejaculated when they had sex. Defendant Black further admitted that one time he had Jane Doe perform oral sex on him. Defendant Black insisted as Jane Doe told him she was reluctant and did not like oral sex because of the thing that happened to her in her past. Defendant Black admitted that he put his hand on the back of her head and pushed her head down onto his penis. Defendant Black further stated that he recorded the oral

sex on his phone. Defendant Black also admitted that he told Jane Doe that if she told anyone about the relationship he would get into trouble and lose his job.

13.      At all times relevant, Defendant Black was a contract employee with Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing.   Defendants, Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing, had a duty to monitor, train, vet and conduct background checks on Defendant Black before he was allowed to work in a psychiatric ward. Working in a psychiatric ward requires specialized training dealing with mentally ill patients, especially vulnerable females.  Defendants, Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing failed to perform any sort of diligent background check on Defendant Black, which would have demonstrated a past history of questionable conduct with female patients.

14.      Plaintiff contends that Defendant Black committed sexual battery by continuously raping her over a period of 21 days. Plaintiff contends that Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing were negligent in the hiring, training, and supervision of Defendant Black.

### E.  CAUSE OF ACTION

*Negligence*

15. Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing negligence consisted of, but not limited to, the following acts and omissions:

   a) Failing to perform an adequate background check on Defendant Black;
   b) Failing to adequately vet Defendant Black's employment history;
   c) Failing to train Defendant Black in his performance as a mental care worker; and
   d) In retaining Defendant Black after receiving notice of allegations of sexual assault.

*Violation of Texas Practice and Remedies Code Chapter 81*

16.     Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing are a mental health service provider. Pursuant to Texas Practice and Remedies Code Chapter 81 Sec. 81.002, they are liable to Plaintiff for damages for sexual conduct and exploitation. Plaintiff Jane Doe, was rendered services by mental health providers, Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing. Plaintiff suffered, and suffers, direct physical, mental, and emotional injuries caused by the sexual conduct and exploitation by the Defendants.

17.     Pursuant to Texas Practice and Remedies Code Chapter 81 Sec. 81.001, and Sec. 81.003, Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc Staffing are liable as former employers of Defendant Matthew Black, and for the damages Plaintiff Jane Doe, suffered during the mental health services provided to her by Defendants.

*Medical Malpractice Claims*

18.     Plaintiff is not conceding that Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc are health care providers pursuant to Chapter 74 of Texas Civil Practice Remedies Code. However, Plaintiff has previously complied with all aspects of Chapter 74 prior to removal of this ligation.

19.     Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc deviated from the standard of care in the hiring, training, and supervision of a mental health technician, who provided care to Plaintiff, a vulnerable and fragile patient.

20.     Defendants Professional Performance Development Group, Inc., and Donald L. Mooney Enterprises, LLC, d/b/a Nurses Etc are vicariously liable for the sexual assault perpetrated by Defendant Black by failing to adequately screen his background, credentials, and training.

### F.     EXEMPLARY DAMAGES

21.     Plaintiff incorporates by reference all allegations in the above paragraphs as if fully set forth herein.

22.     Plaintiff alleges that her injuries and damages were caused by the willful acts and omissions of the Defendants described above, entitling Plaintiff to an award of exemplary damages under§ 71.009 of the Texas Civil Practice and Remedies Code.

23.     Plaintiff further alleges that Defendants' wrongful conduct set forth above meets the standard for gross negligence under § 41.003 of the Texas Civil Practice and Remedies Code, and entitle Plaintiff to an award of exemplary and punitive damages against Defendants.

24.     Pursuant to Civil Practice and Remedies Code Chapter 81 Sec. 81.004(b), Plaintiff is entitled to be awarded exemplary damages and reasonable attorney fees, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

### G. DAMAGES

25.     Defendants' egregiously wrongful conduct resulted in and proximately caused injury to Plaintiff Jane Doe. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Doe incurred the following damages:

    a)  Physical pain in the past and future;
    b)  Mental anguish in the past and future;
    c)  Disfigurement in the past and future;
    d)  Physical impairment in the past and future;
    e)  Medical expenses in the past and future;
    f)  Loss of earning capacity in the past and future;

g)  Lost wages;
h)  Pecuniary loss in the past and future; and
i)  Attorney fees.

## H.  CONDITIONS PRECEDENT

26.     All conditions precedent necessary for bringing this action have been performed or have occurred.

## I.  REQUEST FOR JURY TRIAL

27.     Plaintiff demands a jury trial on all issues so triable.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Jane Doe respectfully prays that Defendants appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, for compensatory damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF MALONEY & CAMPOLO, LLP**
926 S Alamo
San Antonio, Texas 78205
(210) 922-2200 - Telephone
(210) 923-1313 – Facsimile

By:____*/s/ Tim Maloney*_____
     Tim Maloney
     State Bar No. 12887380
     tmaloney@maloneyandcampolo.com
     *ATTORNEY FOR PLAINTIFF JANE DOE*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served on the following attorney of record, in accordance with the Court's electronic filing guidelines, on the 21ST day of June, 2019:

**Mr. Benjamin David Evans**
**Mr. Steven Bradley Skarnulis**
Cain & Skarnulis PLLC
400 West 15th Street, Suite 900
Austin, TX 78701
512-477-5000
Email: bevans@cstrial.com
Email: skarnulis@cstrial.com
*ATTORNEYS FOR DEFENDANT*
*PROFESSIONAL PERFORMANCE*
*DEVELOPMENT GROUP, INC.*

**Mr. Chris A. Scherer**
LAW OFFICE OF CHRIS A. SCHERER
111107 Wurzbach Road, Suite 603
San Antonio, Texas 78230
210-558-1004
Email: chris@cshererlaw.com
*ATTORNEY FOR DEFENDANT*
*DONALD L. MOONEY ENTERPRISES, LLC*

　　　　　　　　　　　　　　*/s/ Tim Maloney*
　　　　　　　　　　　　　　Tim Maloney